**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| DAYS INN WORLDWIDE, INC. | Civ. No. 11-4575 (KM) |
| Plaintiff, | |
| v. | **O P I N I O N** |
| KHAN GROUP, LLC, SHARIF KHAN, and SHIBLY KHAN, | |
| Defendants. | |

*Appearances by:*

DAY PITNEY LLP
By:     Paul R. Marino, Esq.
        Peter C. Gourdine, Esq.
1 Jefferson Road
Parsippany, New Jersey 07054

     *Attorneys for Plaintiff*

MAVROUDIS, RIZZO, & GUARINO, LLC
By: Philip L. Guarino, Esq.
690 Kinderkamack Road, Suite 300
Oradell, New Jersey 07649

     *Attorneys for Defendants*

**DEBEVOISE, Senior District Judge**

     This matter arises out of the premature termination of a licensing agreement ("the

Agreement") between Plaintiff Days Inn Wordwide, Inc. ("Days Inn") and Defendant Khan

Group, LLC ("the Khan Group").  On August 8, 2011, Days Inn filed a Complaint, asserting

claims against the Khan Group for an accounting (Count One), liquidated damages under the

Agreement (Count Two), or, in the alternative, actual damages (Count Three), Recurring Fees

under the Agreement (Count Four), unjust enrichment (Count Five), and against Sharif and

Shibly Khan for liquidated or actual damages under the Agreement, Recurring Fees under the

Agreement, interest, costs, and attorneys' fees (Count Six).

On December 20, 2012, Days Inn filed a Motion for Summary Judgment on Counts Two,

Four, and Six of the Complaint.  Defendants opposed the motion.  For the reasons set forth

below, the motion is GRANTED.

## I.       BACKGROUND

Days Inn is one of the largest hotel facility franchise systems in the United States.  Days

Inn's franchise system is comprised of various federally registered trade names, service marks,

and logos, among other things.  Days Inn allows the hotels within its franchise system to operate

using Days Inn marks, in accordance with individual license agreements.  However, these hotels

are independently owned and operated.

On September 27, 2006, Days Inn and the Khan Group entered into the Agreement, under

which the Khan Group was allowed to operate a 128-room hotel, in Sweetwater, Texas, using

Days Inn marks ("the Facility"), for fifteen years.  Under Section 7 and Schedule C of the

Agreement, the Khan Group is required to make certain periodic payments to Days Inn for

royalties, service assessments, taxes, interest, reservation system user fees, annual conference

fees, and other fees (collectively referred to as "Recurring Fees").

Specifically, under Section 7.1.1 of the Agreement, the Khan Group was required to pay

Days Inn a monthly Royalty Fee "equal to five percent of the Gross Room Revenues of the

Facility." (Compl., Ex. A at 10.)  Under Section 7.1.2 and Schedule C of the Agreement, the

Khan Group was required to pay Days Inn a monthly System Assessment Fee, which

encompassed advertising, marketing, and other fees, equal to 3.8% of Gross Room Revenues of

the Facility.  Under Section 7.3 of the License Agreement, the Khan Group was required to pay

interest "on any past due amount payable to [Days Inn] under this Agreement at the rate of 1.5%

per month or the maximum rate permitted by applicable law, whichever is less, accruing from

the due date until the amount is paid."  (Id.)

Under Section 11.1 of the Agreement, the Khan Group "will be in default under [the]

Agreement if (a) [the Khan Group] do[es] not pay [Days Inn] when a payment is due under [the]

Agreement . . . (b) [the Khan Group] do[es] not perform any of [its] other obligations when [the]

Agreement . . . require[s], or (c) [the Khan Group] otherwise breach[es] [the] Agreement."  (Id.,

Ex. A at 13.)

Under Section 11.2 of the Agreement, Days Inn could terminate the Agreement, with

notice to the Khan Group, for a number of reasons, including the Khan Group's (1) failure to pay

any amount due to Days Inn under the Agreement within ten days' receipt of written notice from

Days Inn of such failure to pay and/or (2) failure to operate the Facility as a Days Inn guest

lodging facility.  (Id., Ex. A at 13.)  In the event that Days Inn terminates the Agreement, in

accordance with Section 11.2, or the Khan Group terminates the Agreement, the Khan Group is

required to pay liquidated damages, pursuant to Section 12.1 of the Agreement.  Moreover, under

Section 17.4 of the Agreement, in any action to enforce the Agreement or collect amounts owed

under it, the non-prevailing party is required to "pay all costs and expenses, including reasonable

attorneys' fees."  (Id., Ex. A at 20.)

Under Section 11.4 of the Agreement, Days Inn "may suspend the Facility from the Reservation System for any default or failure to pay or perform under [the Agreement]. . . . Reservation service will be restored after [the Khan Group] has fully cured any and all defaults and failures to pay and perform." (Id., Ex. A at 14.)  Furthermore, "[a]ll Basic Service Charges accrue during the suspension period." (Id.)

The Agreement contains a merger clause and further provides that "[t]here are no express or implied covenants or warranties, oral or written, between [Days Inn and the Khan Group] except as expressly stated in this Agreement." (Id., Ex. A at 17.)  In addition, Section 17.6.1 of the Agreement provides that the "Agreement will be governed by and construed under the laws of the State of New Jersey." (Id., Ex. A at 20.)

Along with the Agreement, Sharif and Shibly Khan executed a Guaranty of the Khan Group's obligations under the Agreement.  The Guaranty requires that, in the event of a default by the Khan Group under the Agreement, Sharif and Shibly Khan would "immediately make each payment and perform or cause [the Khan Group] to perform, each unpaid or unperformed obligation of [the Khan Group] under the Agreement." (Id., Ex. C.)  Moreover, the Guaranty requires Sharif and Shibly Khan to pay costs, including reasonable attorneys' fees, incurred by Days Inn an attempting to enforce its rights or remedies under the Guaranty and/or Agreement. (Id., Ex. C.)

On September 27, 2006, the same day that Days Inn and the Khan Group entered into the Agreement, the parties also entered into a Satellite Connectivity Services Addendum ("the Addendum").  Section 13(a) of the Addendum allows Days Inn to terminate the Addendum if the Khan Group is in default under Section 11.1 of the Agreement.  If Days Inn terminates the Addendum, pursuant to Section 13(a), the Khan Group is required to pay an additional $2,500.00

in liquidated damages under Section 13(c).  In the event of an action to enforce the terms of the
Addendum, under Section 13(d), the non-prevailing party is required to pay costs and expenses,
including reasonable attorneys' fees.

On May 12, 2010, the Khan Group advised Days Inn that it was unilaterally terminating
the Agreement, effective May 12, 2010.  Days Inn acknowledged termination of the Agreement
in a letter, dated August 2, 2010, and advised the Khan Group of its obligation to pay Days Inn
liquidated damages in the amount of $258,500.00, pursuant to the terms of the Agreement and
Addendum, and all outstanding Recurring Fees through the date of termination.  Defendants
failed to pay any of these liquidated damages or Recurring Fees, thus spurring Days Inn to file
the present action.

## II.     DISCUSSION

Days Inn now seeks Summary Judgment on Counts Two, Four, and Six of the
Complaint.[1]  In doing so, Days Inn argues that there is no dispute of material fact as to (1) the
Khan Group's liability for breach of specific provisions of the Agreement and Addendum; or (2)
Days Inn's entitlement to damages under certain provisions of the Agreement, Addendum, and
Guaranty.  Defendants oppose the motion, arguing that Days Inn is not entitled to Summary
Judgment because Days Inn (1) failed to respond to any of Defendants' affirmative defenses in
its motion papers; (2) materially breached the Agreement, thereby relieving Defendants of all
obligations thereunder; (3) fraudulently induced Defendants into entering into the Agreement
and Guaranty; and (4) breached the implied covenant of good faith and fair dealing.

## A.     Standard of Review

---

[1]      In its motion papers, Days in states that if the Court grants Days Inn's Motion for
Summary Judgment on Counts Two, Four, and Six of the Complaint, Days Inn will dismiss the
remaining Counts.  Because the Court is granting that motion, Counts One Three, and Five are
dismissed.

Summary judgment is proper where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). For an issue to be genuine, there must be "a sufficient evidentiary basis on which a reasonable jury could find for the non-moving party." Kaucher v. County of Bucks, 455 F.3d 418, 423 (3d Cir. 2006). For a fact to be material, it must have the ability to "affect the outcome of the suit under governing law." Id. Disputes over irrelevant or unnecessary facts will not preclude granting summary judgment.

The party moving for summary judgment has the burden of showing that no genuine dispute of material fact exists. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). When the moving party does not bear the burden of proof at trial, it may discharge its burden under the summary judgment standard by showing that there is an absence of evidence to support the non-moving party's case. Id. at 325. If the moving party can make such a showing, then the burden shifts to the non-moving party to present evidence that a genuine factual dispute exists and a trial is necessary. Id. at 324. In meeting its burden, the non-moving party must offer specific facts that establish a material dispute, not simply create "some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986). In deciding whether a dispute of material fact exists, the Court must consider all facts and their reasonable inferences in the light most favorable to the non-moving party. See Pa. Coal Ass'n v. Babbitt, 63 F.3d 231, 236 (3d Cir. 1995). The Court's function, however, is not to weigh the evidence and rule on the truth of the matter, but rather to determine whether there is a genuine issue for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). If there are no issues that require a trial, then judgment as a matter of law is appropriate. Id. at 251-52.

**B.      Liability under the Agreement, Addendum, and Guaranty**

6

"[W]here the terms of a contract are unambiguous . . . their construction is a question of law appropriate for summary judgment." W.B. v. Matula, 67 F.3d 484, 497 (3d Cir. 1995) (citation omitted), overruled on other grounds byoverruled on other grounds by A.W. v. New Jersey Public Schools, 486 F.3d 791 (3d Cir. 2007). "The initial determination of whether terms are ambiguous is itself a question of law." Id.

Here, the terms of the Agreement, insofar as they relate to liability for termination, are unambiguous. Section 5 states that "[t]he Term [of the Agreement] begins on the effective date"—September 27, 2006—"and expires at the end of the fifteenth License Year"—i.e. fifteen years. (Compl., Ex. A at 9.) Section 12.1 provides that "[i]f Days Inn terminate[s] the License under Section 11.2, or [the Khan Group] terminate[s] this Agreement (except under Section 11.3 or as a result of [Days Inn's] default which [it] does not cure within a reasonable time after written notice), [the Khan Group] will pay [Days Inn] within 30 days following the date of termination, as Liquidated Damages, an amount equal to the sum of accrued Royalties and Basic Service Charges during the immediately preceding 24 full calendar months (or the number of months remaining in the unexpired Term . . . at the date of termination, whichever is less)." (Compl., Ex. A at 15.) Consequently, the Khan Group is liable to Days Inn for liquidated damages under the Agreement.

The Khan Group is also liable to Days Inn for liquidated damages under the Addendum. It is undisputed that the Khan Group failed to pay liquidated damages under Section 11.2 of the Agreement as a result of its unilateral, premature termination of the Agreement. Therefore, the Khan Group is in default under Section 11.1 of the Agreement for failing to pay liquidated damages when due. This default, along with the Khan group's failure to cure, permits Days Inn to terminate the Addendum under Section 13(a) of the Addendum, which Days Inn did.

Therefore, the Khan Group is liable for $2,500.00 in liquidated damages under Section 13(c) of the Addendum.

Finally, because the Khan Group defaulted under Section 11.1 of the Agreement for failing to pay liquidated damages, Sharif and Shibly Khan are personally liable for those damages under the Guaranty, which requires that, in the event of a default by the Khan Group under the Agreement, Sharif and Shibly Khan would "immediately make each payment and perform or cause [the Khan Group] to perform, each unpaid or unperformed obligation of [the Khan Group] under the Agreement."  (Id., Ex. C.)

Defendants argue that the Court cannot grant summary judgment on liability because Days Inn fails to address their affirmative defenses that Days Inn (1) materially breached the Agreement; (2) fraudulently induced Defendants into entering into the Agreement and Guaranty; and (3) breached the implied covenant of good faith and fair dealing, thus relieving Defendants of their obligations under the Agreement, Addendum and Guaranty.  In doing so, Defendants cite to a provision of the California Code of Civil Procedure, which states that "[a]ny party may move for summary judgment in any action or proceeding if it is contended that the action has no merit or that there is no defense to the action or proceeding."  Cal. C.C.P. 437c(a).  They further cite to an opinion by a Florida appellate court finding that "[t]he law is clear that where a defendant pleads an affirmative defense and the plaintiff does not, by affidavit or other sworn evidence, negate or deny that defense, the plaintiff is not entitled to summary judgment."  Maung v. Nat'l Stamping LLC, 842 So. 2d 214, 215 (Fla. App. 3 Dist. 2003).

Unfortunately for Defendants, neither the Florida nor California summary judgment standards carry any authority in this Court.  Under the federal summary judgment standard, it is not the burden of the moving party to specifically negate any and all affirmative defenses that the

non-moving party might have set forth in an Answer.  Rather, it is the non-moving party's

burden to set forth specific facts, through competent evidence, suggesting that a dispute of

material fact exists with respect to a claim or defense.

 Here, Defendants fail to meet that standard.  When Days Inn specifically asked

Defendants for the factual basis of their affirmative defense that Days Inn materially breached

the Agreement, Defendants responded that "[t]he factual basis for defendants' sixteenth separate

defense is set forth in the defense itself: Plaintiff failed to provide proper marketing support;

failed to respond to defendants' repeated inquiries and requests; failed to perform the services for

which it was to be paid fees; failed to properly provide advertising and promotional services;

failed to provide business leads and take proper steps to assist in generating business; failed to

provide proper training; and otherwise completely abdicated its role as franchisor and failed to

fulfill its obligations under the License Agreement."  (Guarino Cert., Ex. A).  Under the federal

summary judgment standard, mere recitations of allegations from the pleadings do not create a

dispute of material fact.  Indeed, Defendants' interrogatory response provides no basis from

which a reasonable jury could infer that Days Inn breached one or more provisions of the

Agreement.

 Similarly, the evidence set forth in support of Defendants' affirmative defense that they

were fraudulently induced into entering into the Agreement and Guaranty fails to defeat

summary judgment in favor of Days Inn.  In their response to Days Inn's interrogatories,

Defendants state that "[p]rior to entering into the License Agreement plaintiff misrepresented

and led defendants to believe that plaintiff would properly fulfill its obligations as franchisor.

Defendants relied upon such representations to their detriment, in that they entered into the

Franchise Agreement and signed related documents.  Defendants possess no documents which

reflect, refer or relate to such misrepresentations, apart from the License Agreement itself."
(Guarino Cert., Ex. A.)

This evidence fails for several reasons, two of which the Court will note here. First, it fails to indicate "a material misrepresentation of a presently existing or past fact," which is the first element of a fraud claim under New Jersey law. See Gennari v. Weichert Co. Realtors, 148 N.J. 582, 610 (1997). Second, it makes clear that Defendants' fraudulent inducement defense is wholly duplicative of their aforementioned defense for breach of the Agreement. Indeed, the basis of their fraudulent inducement defense is rooted solely in Days Inn's promise to perform under the Agreement. See Bracco Diagnostics, Inc. v. Bergen Brunswig Drug Co., 226 F. Supp. 2d 557, 564 (D.N.J. 2002) ("[F]raud claims not extrinsic to underlying contract claims are not maintainable as separate causes of action.").

Finally, Defendants' claim that they are excused from performance under the Agreement, because Days Inn breached the implied covenant of good faith and fair dealing, fails. This claim was neither listed as an affirmative defense, nor as a counterclaim, in Defendants' response pleading, and was only raised for the first time in Defendants' brief opposing Days Inn's Motion for Summary Judgment. This alone merits outright dismissal of that claim. See Federico v. Home Depot, 507 F.3d 188, 201–02 (3d Cir. 2007) (holding that amendment of a pleading through briefing submitted on dispositive motions is not permitted).

Even if that claim or defense had been properly set forth in Defendants' pleading, Defendants provide absolutely no evidence to support it. They merely recite the allegations set forth in their interrogatory responses in support of their affirmative defense that Days Inn materially breached the Agreement. Consequently, Days Inn's Motion for Summary Judgment as to Defendants' liability for breach of the Agreement, Addendum, and Guaranty is granted.

**B.      Damages under the Agreement, Addendum, and Guaranty**

Notwithstanding Defendants' previous arguments, it is undisputed that the Khan Group owes a principal amount of $70,667.08 in outstanding Recurring Fees under the Agreement. Thus, Days Inn's Motion for Summary Judgment on its claim for $70,667.08 in outstanding Recurring Fees under the Agreement is granted.

Days Inn is also entitled to liquidated damages under the Agreement and Addendum. Under Section 12.1 of the Agreement, "[l]iquidated damages will not be less than the product of $2,000 multiplied by the number of guest rooms [the Khan Group] is then authorized to operate . . . ." Under Section 13(c) of the Addendum, as previously discussed, Defendants are liable for an additional $2,500.00 in liquidated damages. These clauses "should be deemed presumptively reasonable and that the party challenging such [] clause[es] should bear the burden of proving [their] unreasonableness." Wasserman's Inc. v. Twp. of Middletown, 173 N.J. 238, 252 (N.J. 1994). Defendants make no attempt to challenge the reasonableness of Section 12.1 of the Agreement. Therefore Days Inn's Motion for Summary Judgment on its claim for $258,500.00—($2,000 x 128 rooms in the Facility) + $2,500—in liquidated damages under the Agreement and Addendum is granted.

Days Inn is further entitled to costs and attorneys' fees under the Agreement. "Although New Jersey generally disfavors the shifting of attorneys' fees . . . a prevailing party can recover those fees if they are expressly provided for by statute, court rule, or contract." Packard-Bamberger & Co., Inc. v. Collier, 167 N.J. 427, 440 (2001). Under Section 17.4 of the Agreement, in any action to enforce the Agreement or collect amounts owed under it, the non-prevailing party is required to "pay all costs and expenses, including reasonable attorneys' fees." (Id., Ex. A at 20.) Defendants do not dispute the validity of this provision. Consequently,

11

because Days Inn is the prevailing party in this case, its Motion for Summary Judgment on its claim for costs and reasonable attorneys' fees is granted.

Finally, Days Inn is entitled to an award of prejudgment interest. "It is settled that prejudgment interest may be awarded on contract claims." Meshinsky v. Nichols Yacht Sales, Inc., 110 N.J. 464, 478 (1988); see also Capital One Bank v. Monge, 380 N.J. Super. 266, 270 (Law Div. 2005) ("[C]laims for interest may be based on contract, when the parties have reached specific agreements on the issue."). Under Section 7.3 of the Agreement, the Khan Group agreed to pay interest "on any past due amount payable to [Days Inn] under this Agreement at the rate of 1.5% per month or the maximum rate permitted by applicable law, whichever is less, accruing from the due date until the amount is paid."

Days Inn sets forth evidence that, pursuant to this provision, it is entitled to accrued interest (1) in the amount of $37,463.51 on the outstanding Recurring Fees; and (2) in the amount of $121,861.32 on liquidated damages, which Defendants do not dispute. See (Workman Decl., Ex. E.) Consequently, Days Inn's Motion for Summary Judgment on its claim for prejudgment interest is granted.

### III. CONCLUSION

For the foregoing reasons, Days Inn's Motion for Summary Judgment on Counts Two Four, and Six of the Complaint is GRANTED. Counts One, Three, and Five are dismissed with prejudice.

The Court will enter an order implementing this opinion.

  /s/ Dickinson R. Debevoise
DICKINSON R. DEBEVOISE, U.S.S.D.J.

Dated: March 12, 2014

12